ELGAMMAL v MACOMB COUNTY INTERMEDIATE SCHOOL
DISTRICT BOARD OF EDUCATION

Docket No. 77-414. Submitted December 7, 1977, at Detroit.—Decided
May 22, 1978.

Attia A. Elgammal was discharged from his employment as a
tenured teacher by the Macomb County Intermediate School
District Board of Education. Elgammal requested a hearing, but
was refused one by the board because the request came more
than 45 days after the initial filing of charges against Elgam-
mal. Elgammal appealed to the teacher tenure commission,
which found that he had not made a timely request for a
hearing before the board, and dismissed the appeal. Elgammal
then filed an appeal in circuit court seeking reinstatement with
back pay or, in the alternative, a remand for further proceed-
ings. The Macomb Circuit Court, Hunter D. Stair, J., reversed
the commission, remanded the case to the school board for a
hearing, and ordered the results of the hearing to be forwarded
to the court. The school board held the hearing, again resolved
to dismiss the plaintiff, and delivered the decision to the court.
The court then entered an order upholding the dismissal.
Plaintiff moved for a rehearing, requesting that he be allowed
to take the board's decision before the tenure commission. The
court denied this motion, and plaintiff appeals. *Held:*

1. The court acted within its power in remanding the matter
to the board for a hearing on the merits; however, the court
erred by directing that the results of the hearing were to be
forwarded directly to the court. This was an impermissible
expansion of the appellate jurisdiction of the circuit court, at
the expense of the plaintiff's right to administrative review.

2. The plaintiff did not lose his right to a review by the
tenure commission by his failure to make timely application
because the trial court's erroneous assertion of jurisdiction
tolled the 30-day limitations period for appeals to the commis-
sion; nor did plaintiff lose his right to appeal by waiver,
because the record does not indicate that the plaintiff intention-

REFERENCES FOR POINTS IN HEADNOTES
[1–4, 7] 68 Am Jur 2d, Schools § 202 *et seq.*
[5, 6] 68 Am Jur 2d, Schools § 191.

ally exchanged his right to a review before the tenure commission for a judicial review of the board's decision.

3. There is no requirement that a board hearing be held as a prerequisite to a hearing before the tenure commission.

Reversed and remanded.

1. SCHOOLS AND SCHOOL DISTRICTS—TENURED TEACHERS—TENURE
   COMMISSION—REVIEW—STATUTES.

   The teacher tenure act provides a tenured teacher with the right to have the tenure commission review a school board's decision to discharge the teacher; the commission hears the case *de novo* (MCL 38.121; MSA 15.2021).

2. SCHOOLS AND SCHOOL DISTRICTS—COURTS—TENURE COMMISSION—
   REVIEW—LIMITS OF REVIEW.

   A decision of the teacher tenure commission is appealable to the circuit court; however, the circuit court's reviewing power is limited to a determination of whether the commission's decision is supported by competent, material and substantial evidence, and will overturn a decision only when such decision is contrary to law or is not supported by the necessary competent, material and substantial evidence (MCL 24.301, 600.631; MSA 3.560[201], 27A.631).

3. SCHOOLS AND SCHOOL DISTRICTS—ADMINISTRATIVE LAW—JUDICIAL
   REVIEW—EXHAUSTION OF REMEDIES—STATUTES.

   A decision of a school board to discharge a tenured teacher is not subject to judicial review until the teacher has exhausted administrative remedies by obtaining review of the decision by the teacher tenure commission (MCL 24.301; MSA 3.560[201]).

4. SCHOOLS AND SCHOOL DISTRICTS—TENURED TEACHERS—DISCHARGE—
   CIRCUIT COURT—JURISDICTION.

   A circuit court which first heard a case involving the discharge of a tenured teacher upon appeal from the teacher tenure commission and properly remanded the matter to the school board for a hearing on the merits erred by directing the results of that hearing to be forwarded directly to the court rather than allowing an appeal to the tenure commission; the order impermissibly expanded the appellate jurisdiction of the circuit court.

5. SCHOOLS AND SCHOOL DISTRICTS—LIMITATION OF ACTIONS—TENURE
   COMMISSION—TOLLING OF LIMITATIONS PERIOD.

   The 30-day period for bringing an appeal from a school board's decision to the teacher tenure commission was tolled where a

circuit court erroneously asserted jurisdiction over the matter, precluding review by the tenure commission.

6. SCHOOLS AND SCHOOL DISTRICTS—WAIVER—TENURED TEACHERS—
RIGHT TO HEARING.

A valid waiver requires an intentional relinquishment of a known right; a discharged tenured teacher did not waive his right to a hearing before the teacher tenure commission where a circuit court erroneously asserted jurisdiction of the matter, and the teacher acquiesced in the court's assertion of jurisdiction, where the record does not indicate that the teacher intentionally exchanged his right to review by the tenure commission for the court's review of the school board's decision.

7. SCHOOLS AND SCHOOL DISTRICTS—TENURED TEACHERS—TENURE
COMMISSION—PREREQUISITE TO REVIEW.

There is no requirement that a tenured teacher who has been discharged from employment must exercise the right to a hearing before the school board as a prerequisite to seeking a hearing before the teacher tenure commission.

*Marco A. Santia,* for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *James E. Tobin),* for defendant.

Before: M. F. CAVANAGH, P. J., and J. H. GILLIS and D. C. RILEY, JJ.

M. F. CAVANAGH, P. J. Defendant board of education rendered a decision discharging plaintiff, a tenured teacher. This decision was sustained by the circuit court, and plaintiff appeals.

The issues on appeal concern the propriety of the procedures followed below, and require that we recount the rather complex proceedings in detail.

On April 12, 1972, the school district's superintendent filed dismissal charges against plaintiff with the board. A copy of the charges together with a letter reciting plaintiff's rights under the teacher tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.,* were mailed to plaintiff's home on

April 14, 1972. The letter instructed plaintiff to request a hearing, if desired, within ten days from the date of the letter. However, plaintiff was in the hospital at this time and did not return home and pick up his mail until April 28, 1972, 14 days after the letter's date.

As of May 30, 1972, 46 days after the letter was mailed to plaintiff, he had not requested a hearing. The board, noting that the tenure act required it to hold any hearing within 45 days of the filing of charges, MCL 38.102; MSA 15.2002, concluded that plaintiff did not desire a hearing. The board proceeded to act upon the charges and adopted a resolution dismissing plaintiff.

Upon notification of his dismissal, plaintiff, by letter dated June 2, 1972, requested a hearing before the board. The board refused a hearing on the ground that the 45-day period had expired.

Plaintiff appealed to the state teacher tenure commission. The commission's decision stated the sole issue as whether plaintiff had made a timely request for a hearing before the board. The commission found against plaintiff, and granted the board's motion to dismiss.

Plaintiff then filed an appeal in circuit court, seeking reinstatement with back pay or, in the alternative, a remand for further proceedings. The court found that plaintiff had justifiably assumed that his right to a hearing was lost when he received, 14 days after its mailing, a letter directing him to request a hearing, if desired, within ten days. The court further found that the delay before plaintiff did request a hearing was not unreasonably long. The court then reversed the commission and remanded the case for a hearing before the local board. No appeal from this adverse determination was taken by the defendant board. The

court's opinion also stated that it would "hold in abeyance" a decision on plaintiff's request for reinstatement and back pay "until said hearing is held and results of same forwarded to the Court".

On May 7, 1976, after lengthy hearings, the board again resolved to discharge plaintiff. The board's attorney then delivered to the circuit court the board's decision and a transcript of the hearings. The court, after reviewing these documents and briefs of counsel, entered an order upholding the board's action.

Plaintiff then moved the court for a rehearing, requesting that the court set aside its order and permit plaintiff to exhaust his administrative remedies by obtaining tenure commission review of the board's decision on the merits. The court denied the motion, indicating that even if plaintiff were to prevail before the tenure commission the case would come back before the court and that the court agreed with the board's disposition. Plaintiff appeals from the order denying a remand to the tenure commission.

The teacher tenure act prescribes the procedure for review of a school board's decision to discharge a tenured teacher. The act specifically provides the tenured teacher with the right to review by the tenure commission. MCL 38.121; MSA 15.2021. The commission hears the case *de novo*. *Luther v Board of Education of the Alpena Public Schools,* 62 Mich App 32, 35; 233 NW2d 173, 175 (1975). It may take new evidence, "make an independent finding of facts, opinionate upon the same, and enter an order accordingly". *Rehberg v Board of Education of Melvindale, Ecorse Township School District No. 11,* 345 Mich 731, 740; 77 NW2d 131, 135 (1956). The commission is "vested with duty and authority to determine, anew and as original

questions, all issues of fact and law theretofore decided by the controlling board". *Long v Board of Education, District No. 1, Fractional, Royal Oak Township and City of Oak Park,* 350 Mich 324, 327; 86 NW2d 275, 276 (1957).

The commission's decision is in turn appealable to the circuit court. MCL 24.301; MSA 3.560(201), MCL 600.631; MSA 27A.631. However, the court's reviewing power is limited:

"When a court reviews an administrative tribunal decision, it reviews the original record to determine if the decision is supported by competent, material and substantial evidence, and will overturn a decision only when such decision is *contrary to law,* or *is not supported by the necessary competent, material* and *substantial* evidence." *Detroit v General Foods Corp,* 39 Mich App 180, 190; 197 NW2d 315, 321 (1972). (Emphasis in original.)

See also, *Long v Board of Education, District No. 1, Fractional, Royal Oak Township and City of Oak Park, supra,* 350 Mich at 326; 86 NW2d at 276.

Review of a tenured teacher's discharge is further limited by the rule that an administrative agency's decision is not subject to judicial review until the aggrieved party has exhausted all administrative remedies. See MCL 24.301; MSA 3.560(201). See generally *Judges of the 74th Judicial District v Bay County,* 385 Mich 710, 727–728; 190 NW2d 219, 226 (1971). Because tenure commission review is available to a tenured teacher discharged by the board, the doctrine of exhaustion requires resort to this remedy before the case is reviewable in circuit court. Compare *Long v Board of Education, District No. 1, Fractional, Royal Oak Township and City of Oak Park, supra,* 350 Mich

at 326; 86 NW2d at 276, with *Caddell v Ecorse Board of Education,* 17 Mich App 632, 635–636; 170 NW2d 277, 279 (1969).

The circuit court first heard the instant case on appeal from the tenure commission. The court acted fully within its power in remanding the matter to the board for a hearing on the merits. However, the court erred by directing that the results of this hearing were to be forwarded directly to the court. The order impermissibly expanded the appellate jurisdiction of the circuit court at the expense of plaintiff's right to administrative review.

Defendant contends that plaintiff lost his right to tenure commission review by failure to make timely application and by waiver through acquiescence in the circuit court's assertion of jurisdiction.

As to timely application, the statute requires that appeals to the tenure commission be taken within 30 days from the date of the board's decision. MCL 38.121; MSA 15.2021. Here it has been many more than 30 days since the school board decision of which plaintiff complains.

However, in proper circumstances the 30-day period may be tolled. *Biberstine v Port Austin Public School District No. 9,* 51 Mich App 274, 278–279; 214 NW2d 729, 732 (1974), *lv den,* 392 Mich 766 (1974). The statute of limitations on an action at law is held to be tolled where a suit is commenced and jurisdiction over the defendant is obtained. MCL 600.5856; MSA 27A.5856. *Smith v Bordelove,* 63 Mich App 384, 386; 234 NW2d 535, 536 (1975), *lv den,* 395 Mich 772 (1975). A similar rule is appropriate where, as here, a court order truncates administrative review and brings the

dispute into court. See *Barczak v Rockwell International Corp,* 68 Mich App 759, 766 *et seq.,* 244 NW2d 24, 27 (1976) (dissenting opinion of M. F. CAVANAGH, J.). Defendant can hardly contend that it was prejudiced by lack of timely notice of the claim which it was called upon to defend. Accordingly, we hold that the court's erroneous assertion of jurisdiction tolled the limitations period for appeal to the tenure commission.

We turn to defendant's claim that plaintiff waived his right to tenure commission review. A valid waiver requires an intentional relinquishment of a known right. *Book Furniture Co v Chance,* 352 Mich 521, 526; 90 NW2d 651, 655 (1958). From plaintiff's compliance with the court's order it may fairly be inferred that he desired the benefit of any favorable ruling which the court might make. However, nothing in this record persuades us that plaintiff intentionally exchanged his right to *de novo* review before the tenure commission and subsequent judicial review for the court's extrajurisdictional review of the board's decision. Plaintiff's motion for remand to the tenure commission is strong evidence to the contrary. We find no waiver of the right to a hearing before the tenure commission.

Finally, defendant urges us to affirm the lower court on the ground that it reached the correct result, notwithstanding unsound reasons. See *Bostrom v Jennings,* 326 Mich 146, 157–158; 40 NW2d 97, 102 (1949). Defendant argues that the court erred by remanding the case for a board hearing, and that, for this reason, there was no error in refusing a remand for a tenure commission hearing.

Defendant's argument assumes that the right to a hearing before the tenure commission is condi-

tioned on exercise of the right to a prior hearing before the school board.

We have reservations about applying a right result-wrong reason analysis in this context. See GCR 1963, 807. These reservations aside, defendant has cited, and we have found, no authority requiring a board hearing as a prerequisite to a tenure commission hearing. Nothing in the teacher tenure act or the tenure commission's rules so provides. See MCL 38.71 *et seq.;* MSA 15.1971 *et seq.,* 1976 AACS, R 38.131 *et seq.* We conclude that, even if the court erred in ruling that plaintiff was entitled to a hearing before the board (a question upon which we express no opinion), this would not excuse error in denying plaintiff tenure commission review.

The circuit court is reversed. If demand is made within 30 days, plaintiff's appeal shall be heard by the teacher tenure commission. This disposition makes it unnecessary to consider plaintiff's request for back pay.

Reversed and remanded. No costs.