HOUSE OF RAEFORD FARMS v. STATE EX REL. ENVIR. MGMT. COMM.

[112 N.C. App. 228 (1993)]

HOUSE OF RAEFORD FARMS, INC., A NORTH CAROLINA CORPORATION AND NASH JOHNSON AND SONS FARMS, INC., A NORTH CAROLINA CORPORATION v. STATE OF NORTH CAROLINA EX REL. ENVIRONMENTAL MANAGEMENT COMMISSION AND DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES

No. 924SC875

(Filed 5 October 1993)

**Administrative Law and Procedure § 30 (NCI4th)— petition for contested case hearing not timely filed—dismissal by administrative law judge proper—time for filing not tolled by superior court action—no jurisdiction in OAH from Court of Appeals decision**

The superior court erred in reversing a decision of an administrative law judge dismissing petitioners' petition for a contested case hearing on the basis that the Office of Administrative Hearings lacked subject matter jurisdiction over the petition which was filed beyond the 60-day time period specified by N.C.G.S. § 150B-23(f); furthermore, OAH did not obtain jurisdiction by virtue of an earlier opinion of the Court of Appeals in the case, and petitioners' initial attack on respondent's decision in superior court did not toll the time for filing a contested case petition in OAH.

**Am Jur 2d, Administrative Law §§ 340-375.**

Appeal by respondent from judgment entered 12 June 1992 by Judge Frank R. Brown in Duplin County Superior Court. Heard in the Court of Appeals 31 August 1993.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Edwin L. Gavin, II and Associate Attorney General Billy R. Godwin, Jr., for respondent-appellant.*

*Jordan, Price, Wall, Gray & Jones, by Henry W. Jones, Jr. and Jeffrey S. Whicker, for petitioners-appellees.*

McCRODDEN, Judge.

This appeal presents the issue of whether the superior court erred in reversing a decision of an administrative law judge (ALJ) dismissing petitioners' petition for a contested case hearing on the basis that the Office of Administrative Hearings (OAH) lacked

subject matter jurisdiction over the petition which was filed beyond the 60-day time period specified by N.C. Gen. Stat. § 150B-23(f) (1991). Subsidiary issues pertain to whether OAH obtained jurisdiction by virtue of an earlier opinion of this Court in the case and whether petitioners' initial attack on respondent's decision in superior court tolled the time for filing a contested case petition in OAH.

The facts of the controversy are as follows. On 29 February 1988, petitioners and respondent entered into a consent judgment to settle ten cases then pending. The ten cases arose out of respondent's assessments of civil penalties against petitioners for violations of the environmental laws of North Carolina. On 12 May 1989, respondent assessed an additional $294,449.20 in civil penalties and investigative costs against petitioners. On 19 May 1989, Superior Court Judge Henry L. Stevens, III heard arguments from both parties and found that the superior court had jurisdiction over the additional civil penalties even though petitioners had not proceeded under the Administrative Procedure Act (APA), N.C. Gen. Stat. §§ 150B-1 to -52 (1991 and Supp. 1992). On 10 July 1989, petitioners and respondent again argued whether the superior court had jurisdiction over the civil penalties before Judge D. Marsh McLelland. By judgment of 12 June 1989, Judge McLelland found that the superior court had subject matter jurisdiction and set aside the $294,449.20 in penalties and investigative costs.

Both petitioners and respondent appealed the judgment to the Court of Appeals. This Court in *State ex rel. Envir. Mgmt. Comm. v. House of Raeford Farms*, 101 N.C. App. 433, 400 S.E.2d 107, *disc. review denied*, 328 N.C. 576, 403 S.E.2d 521 (1991), held, *inter alia*, that the superior court lacked subject matter jurisdiction over the civil penalties because petitioners had failed to exhaust their administrative remedies under the APA by failing to commence a contested case in OAH and obtain a final decision. Thereafter on 26 March 1991, petitioners filed a petition for a contested case hearing in OAH, and on 29 May 1991, respondent filed a motion to dismiss the petition, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) (1990). On 9 August 1991, the ALJ granted respondent's motion and dismissed the petition, concluding that the agency lacked subject matter jurisdiction because petitioners failed to file their petition in a timely manner. On 3 September 1991, petitioners filed a petition for judicial review and request for temporary stay in Duplin County Superior Court pursuant to N.C.G.S. § 150B-43. The trial court reversed the final decision of the ALJ, finding that

the ALJ's decision was not supported by the findings of fact, was made upon unlawful procedure, was affected by other error of law, and was arbitrary and capricious.

The standard of review for the court charged with reviewing an agency's decision, in this case the superior court, is that the court may reverse or modify the agency's decision if the substantial rights of the petitioner have been prejudiced because the agency's findings, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C.G.S. § 150B-51. In our review of the superior court's decision under this statute, we confine ourselves to whether the superior court made any errors of law in view of the record as a whole. *Scroggs v. North Carolina Criminal Justice Educ. & Training Stds. Comm'n*, 101 N.C. App. 699, 702, 400 S.E.2d 742, 744 (1991).

The right to appeal an administrative agency ruling is statutory, and compliance with statutory provisions is necessary. *Lewis v. N.C. Dept. of Human Resources*, 92 N.C. App. 737, 739, 375 S.E.2d 712, 714 (1989). Section 150B-23(f) governs both the procedure and the time limitation for filing a petition for a contested case hearing. It states that, unless otherwise provided, the "limitation for the filing of a petition in a contested case is 60 days. The time limitation . . . *shall* commence when notice of the agency decision is given to all persons aggrieved . . . ." N.C.G.S. § 150B-23(f) (emphasis added). The language of this statute leaves no room for judicial construction because it clearly provides that a petition must be filed within the 60-day limitation. *See Gummels v. N.C. Dept. of Human Resources*, 98 N.C. App. 675, 392 S.E.2d 113 (1990) (upholding

**HOUSE OF RAEFORD FARMS v. STATE EX REL. ENVIR. MGMT. COMM.**

[112 N.C. App. 228 (1993)]

ALJ's order dismissing a petition for a contested case hearing where the petition was mailed, but not filed, within the 30-day deadline); *Lewis*, 92 N.C. App. 737, 375 S.E.2d 712 (upholding the dismissal of an employee grievance appeal because it was filed one day late). In the instant case, petitioners received notice of assessment of civil penalties and costs on 15 May 1989, and then filed a petition for a contested case hearing well outside the 60-day period, on 26 March 1991.

In order to avoid the import of section 150B-23(f) and the decisions applying it, petitioners argue that this Court, in *House of Raeford*, instructed OAH to adjudicate the civil penalties and costs assessed by respondent, notwithstanding the timeliness of the filing of the petition. In the 10 June 1992 judgment, the trial judge asserted that *House of Raeford* "indicated that the petitioners should return to OAH for a determination of the propriety of the penalties and cost assessments." To support this finding, petitioners refer to the following language in the opinion as instructions to OAH to assume jurisdiction over the civil fines: "[Petitioners] may raise this argument [that the one-year statute of limitations barred the agency from assessing penalties for violations occurring more than one year before the assessment] in their request for an administrative hearing." We cannot agree with this interpretation. This Court did *not* direct OAH to adjudicate the assessment of penalties if OAH did not have subject matter jurisdiction over the petition, and its opinion is devoid of any instruction that OAH assert jurisdiction over the adjudication of penalties, regardless of the timeliness of petitioner's petition. Indeed, such a reading would grant to this Court authority it does not have: to confer upon OAH subject matter jurisdiction not created by statute. Accordingly, we not only disagree with petitioners that the *House of Raeford* Court directed OAH to assume jurisdiction over the penalties, we do not believe the Court *could* direct OAH to assume jurisdiction.

Petitioners also contend that the 1989 superior court orders "cut short" administrative review of the civil penalties and costs assessed by respondent, thereby tolling the time for filing a contested case petition. Petitioners cite, and we can find, no support for the proposition that its selection of the wrong forum, *i.e.*, one which did not have subject matter jurisdiction, tolled the 60-day time limitation period.

Petitioners finally urge that strict enforcement of the 60-day deadline would result in manifest unfairness, because petitioners would be unable to contest the assessment of penalties. Although we find the result to be unfortunate, we cannot say that it is manifestly unfair. The record shows that respondent provided petitioners with information of the process to contest the assessment of penalties in OAH, and the record discloses no bad faith on the part of respondent. Additionally, respondent has maintained throughout the litigation that the superior court lacked subject matter jurisdiction over the controversy and that petitioners must exhaust administrative remedies before proceeding in superior court. We believe that petitioners were put on notice that they were jeopardizing their ability to contest the fines in a contested case hearing by proceeding in superior court.

Since petitioners failed to file their petition for a contested case hearing within 60 days after they received notice of the agency decision, OAH was without subject matter jurisdiction over the petition, and the ALJ properly dismissed the petition. The trial court's reversal of this dismissal cannot stand. We reverse and remand to the superior court for an order consistent with this opinion.

Reversed and remanded.

Judges WELLS and ORR concur.