HOUSE OF RAEFORD FARMS v. STATE ex rel. ENVIR. MGMT. COMM.

[338 N.C. 262 (1994)]

HOUSE OF RAEFORD FARMS, INC., a North Carolina Corporation and NASH JOHNSON AND SONS FARMS, INC., a North Carolina Corporation v. STATE OF NORTH CAROLINA, ex rel., ENVIRONMENTAL MANAGEMENT COMMISSION and DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES

No. 481PA93

(Filed 3 November 1994)

## Administrative Law and Procedure § 30 (NCI4th)— petition for contested case hearing—not timely filed—erroneous assertion of superior court jurisdiction—time for filing petition tolled

The Court of Appeals erred in holding that the Office of Administrative Hearings was without subject matter jurisdiction over their contested case petition because petitioners failed to file such petition within sixty days of receiving notice of respondents' assessment of civil penalties where the superior court asserted jurisdiction over the assessment and that assertion of jurisdiction was vacated by the Court of Appeals more than sixty days from the notice of assessment. The application of the general rule that the right to appeal an administrative agency ruling is statutory and compliance with statutory provisions is necessary is inappropriate where a party fails to comply with the statutory time requirements because of the superior court's erroneous assertion of jurisdiction. Here, while petitioners stood ready to file a petition for a contested case hearing, they failed to seek administrative review in reliance on the superior court's erroneous assertion of jurisdiction. N.C.G.S. § 150B-23(f).

**Am Jur 2d, Administrative Law §§ 340-375.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 112 N.C. App. 228, 435 S.E.2d 106 (1993), reversing and remanding a judgment entered by Brown, J., in the Superior Court, Duplin County, on 10 June 1992. Heard in the Supreme Court 13 May 1994.

*Jordan, Price, Wall, Gray & Jones, by Henry W. Jones, Jr., and Laura J. Wetsch, for petitioner-appellants.*

*Michael F. Easley, Attorney General, by Edwin L. Gavin II, Assistant Attorney General, for respondent-appellees.*

**HOUSE OF RAEFORD FARMS v. STATE EX REL. ENVIR. MGMT. COMM.**

[338 N.C. 262 (1994)]

FRYE, Justice.

In this appeal, petitioners contend that the Court of Appeals erred in holding that the Office of Administrative Hearings (OAH) was without subject matter jurisdiction over their contested case petition because petitioners failed to file such petition within sixty days of receiving notice of respondents' assessment of civil penalties. Petitioners contend that the 60-day time limitation of N.C.G.S. § 150B-23(f) was tolled by the superior court's assertion of subject matter jurisdiction over this assessment and remained tolled until the court's assertion of jurisdiction was vacated by the Court of Appeals. Accordingly, petitioners contend that the OAH had subject matter jurisdiction over their petition since it was filed in the OAH within sixty days of the Court of Appeals' decision. We agree that the 60-day time limitation was tolled during this period and that the OAH had subject matter jurisdiction over petitioners' contested case petition. Therefore, we reverse the decision of the Court of Appeals.

On 29 February 1988, petitioners House of Raeford Farms, Inc. and Nash Johnson and Sons' Farms, Inc., entered into a consent judgment with respondents Environmental Management Commission and the Department of Environment, Health and Natural Resources [formerly the Department of Natural Resources and Community Development]. This consent judgment settled ten cases which arose from respondents' assessment of civil penalties against petitioners for violations of the environmental laws of North Carolina. The consent judgment also established deadlines for construction of a new wastewater treatment facility, set penalties for petitioners' failure to meet applicable deadlines, and set interim effluent limits and monitoring requirements. The consent judgment further provided that the civil contempt provisions of Article 2 of Chapter 5A of the General Statutes of North Carolina were available to the superior court to enforce the terms of the consent judgment, and the Duplin County Superior Court retained necessary jurisdiction of the matter to enforce the terms of the consent judgment, resolve any matters in dispute and determine any motions for further relief based on changed circumstances.

On 4 May 1989, petitioners filed a motion in Duplin County Superior Court for modification of the interim effluent limits contained in the consent judgment. On 12 May 1989, while this motion was pending, respondents assessed civil penalties and investigatory costs in the amount of $294,449.20 against petitioners, primarily for dis-

charges in excess of the interim effluent limits established in the consent judgment. Petitioners received notice of this assessment on 15 May 1989. This notice advised petitioners that in order to request an administrative hearing, they must file a written petition conforming with Chapter 150B of the General Statutes in the OAH within sixty days of receipt of the notice.

On 18 May 1989, petitioners filed an amendment to their earlier motion for modification of the consent judgment, requesting that the superior court dismiss the civil penalties assessed by respondents on 12 May 1989 and stay any further enforcement action by respondents. On 19 May 1989, Superior Court Judge Henry L. Stevens, III, heard arguments on petitioners' motions. Respondents argued that the superior court lacked subject matter jurisdiction to dismiss the penalties and that the penalties could be properly adjudicated only through the administrative process. However, Judge Stevens ruled in open court that the superior court had jurisdiction over the matter. On 5 June 1989, Judge Stevens issued an order stating that the superior court had jurisdiction over the civil penalties without the parties having to proceed through the administrative process pursuant to N.C.G.S. § 150B-23 et seq. This order also temporarily modified the interim effluent limits and, in an attempt to maintain the status quo and discourage the stockpiling of repetitive litigation, stayed all deadlines and contested requirements inconsistent with his order until Superior Court Judge D. Marsh McLelland could hear the matter during the 10 July 1989 superior court session.

On 23 June 1989, the petitioners filed in superior court a verified response to respondents' 12 May 1992 assessment of penalties. In light of Judge Stevens' determination that jurisdiction over the penalties was proper in the superior court, petitioners' response expressly provided that it was filed in lieu of a petition for a contested case hearing under N.C.G.S. § 150B-23 et seq.

On 3 July 1989, respondents filed a motion in superior court asking the court to reconsider its 5 June 1989 order. Respondents challenged Judge Stevens' determination that the superior court had jurisdiction to hear any matters dealing with the civil penalties and contended that Chapter 150B provided the exclusive vehicle for contesting the penalty assessment. However, on 10 July 1989, the parties argued the issue of the superior court's jurisdiction over the civil penalties before Judge McLelland, and Judge McLelland ruled, as had Judge Stevens, that the superior court had jurisdiction over the penal-

ties without requiring the parties to proceed through the administrative process. By order filed 1 August 1989, Judge McLelland set aside the $294,449.20 assessment of civil penalties and investigatory costs on the ground that respondents' perfunctory consideration of statutory criteria in setting the penalty amounts rendered them purely discretionary and largely punitive.

On appeal, the Court of Appeals held, *inter alia*, that the superior court's decision to reverse the penalty assessment was in error, because the superior court lacked subject matter jurisdiction over the penalties since petitioners had failed to exhaust their administrative remedies under the Administrative Procedure Act by commencing a contested case in the OAH and obtaining a final agency decision. *State ex rel. Envir. Mgmt. Comm. v. House of Raeford Farms*, 101 N.C. App. 433, 400 S.E.2d 107 (1991) [hereinafter *House of Raeford I*]. This Court denied petitioners' petition for writ of supersedeas, motion for temporary stay and petition for discretionary review on 3 April 1991. *State ex rel. Envir. Mgmt. Comm. v. House of Raeford Farms*, 328 N.C. 576, 403 S.E.2d 521 (1991).

Following the Court of Appeals' decision, on 26 March 1991, petitioners filed a verified petition for a contested case hearing in the OAH. On 29 May 1991, respondents filed a motion to dismiss this petition pursuant to N.C.G.S. § 1A-1, Rule 12(b)(1) (1990). On 9 August 1991, Administrative Law Judge (ALJ) Fred G. Morrison, Jr., granted respondents' motion and dismissed the petition, concluding that pursuant to N.C.G.S. § 150B-23(f), the agency lacked subject matter jurisdiction because petitioners failed to file a contested case petition within sixty days of receiving notice of the penalty assessment.

On 3 September 1991, petitioners filed a petition for judicial review and request for stay in the Duplin County Superior Court pursuant to N.C.G.S. § 150B-43. On 10 June 1992, Superior Court Judge Frank R. Brown issued a judgment on judicial review reversing the ALJ's decision. Judge Brown concluded, *inter alia*, that N.C.G.S. § 150B-23(f)'s 60-day time limitation was tolled when the superior court exercised its jurisdiction over the penalties and continued to be tolled while the matter was considered on appeal. Accordingly, Judge Brown remanded the matter to the OAH for further proceedings on petitioners' verified petition for a contested case hearing consistent with his judgment and in accordance with N.C.G.S. § 150B-22 *et seq*.

Respondents appealed this decision to the Court of Appeals, and the Court of Appeals reversed the superior court's judgment. The

HOUSE OF RAEFORD FARMS v. STATE ex rel. ENVIR. MGMT. COMM.

[338 N.C. 262 (1994)]

Court of Appeals held that the 60-day time limitation of N.C.G.S. § 150B-23(f) was not tolled by the superior court's exercise of jurisdiction and, therefore, petitioners' failure to file a petition for a contested case hearing within sixty days after they received notice of respondents' penalty assessment divested the OAH of subject matter jurisdiction over the petition. *House of Raeford Farms v. State ex rel. Envir. Mgmt. Comm.*, 112 N.C. App. 228, 435 S.E.2d 106 (1993) [hereinafter *House of Raeford II*]. This Court allowed petitioners' petition for discretionary review on 28 January 1994. *House of Raeford Farms v. State ex rel. Envir. Mgmt. Comm.*, 335 N.C. 555, 441 S.E.2d 115 (1994).

N.C.G.S. § 150B-23(f) provides the procedure for filing a contested case petition as follows:

> (f) Unless another statute or a federal statute or regulation sets a time limitation for the filing of a petition in contested cases against a specified agency, *the general limitation for the filing of a petition in a contested case is 60 days. The time limitation, whether established by another statute, federal statute, or federal regulation, or this section, shall commence when notice is given of the agency decision to all persons aggrieved who are known to the agency* by personal delivery or by the placing of the notice in an official depository of the United States Postal Service wrapped in a wrapper addressed to the person at the latest address given by the person to the agency. The notice shall be in writing, and shall set forth the agency action, and shall inform the persons of the right, the procedure, and the time limit to file a contested case petition.

N.C.G.S. § 150B-23(f) (1990) (emphasis added). It is undisputed that petitioners did not file a petition for a contested case hearing within sixty days of 15 May 1989, the date they received notice of respondents' assessment of penalties. However, petitioners contend that the 60-day time limitation was tolled by the superior court's assertion of jurisdiction over the penalties. Petitioners further contend that the superior court's assertion of jurisdiction continued to toll this time limitation until vacated by the Court of Appeals' mandate in *House of Raeford I* issued on 25 February 1991. Accordingly, petitioners contend that the OAH still had subject matter jurisdiction over their contested case petition since it was timely filed on 26 March 1991, some twenty-eight days after issuance of the Court of Appeals' mandate. We agree.

HOUSE OF RAEFORD FARMS v. STATE ex rel. ENVIR. MGMT. COMM.

[338 N.C. 262 (1994)]

Respondents contend, and the Court of Appeals agreed, that petitioners are not entitled to OAH review because of their failure to comply with N.C.G.S. § 150B-23(f)'s 60-day time limitation. The Court of Appeals reasoned that "the language of [N.C.G.S. § 150B-23(f)] leaves no room for judicial construction because it clearly provides that a petition must be filed within the 60-day limitation." *House of Raeford II*, 112 N.C. App. at 230, 435 S.E.2d at 108. In support of its decision, the court cited two of its recent decisions, *Gummels v. N.C. Dept. of Human Resources*, 98 N.C. App. 675, 392 S.E.2d 113 (1990) (upholding an ALJ's order dismissing a petition for contested case hearing where the petition was mailed, but not filed, within the 30-day time limitation provided by N.C.G.S. § 131E-188(a)), and *Lewis v. N.C. Dept. of Human Resources*, 92 N.C. App. 737, 375 S.E.2d 712 (1989) (upholding the dismissal of an employee grievance appeal where the appeal was filed one day later than the 15-day time limitation of N.C.G.S. § 126-35). Respondents also rely on these cases before this Court.

In holding that petitioners are not entitled to a contested case hearing in the OAH, the Court of Appeals correctly stated, as it had in *Lewis* and *Gummels*, the general rule that the right to appeal an administrative agency ruling is statutory and compliance with statutory provisions is necessary to avail oneself of this right. *House of Raeford II*, 112 N.C. App. at 230, 435 S.E.2d at 108. However, *Lewis* and *Gummels* are distinguishable from the present case in that neither case involved an erroneous assertion of jurisdiction by the superior court over an administrative agency ruling. We believe that application of this general rule is inappropriate where, as here, a party fails to comply with the statutory time requirements for seeking administrative review because of the superior court's erroneous assertion of jurisdiction over an administrative agency ruling.

The issue of whether the superior court's erroneous assertion of subject matter jurisdiction tolls the time limitation for filing a petition for administrative review appears to be one of first impression in North Carolina. Consequently, petitioners rely on the Michigan Court of Appeals' decision in *Elgammal v. Macomb County Intermediate Sch. Dist. Bd. of Educ.*, 83 Mich. App. 444, 268 N.W.2d 679 (1978), in support of their argument that the 60-day time limitation of N.C.G.S. § 150B-23(f) was tolled by the superior court's erroneous assertion of subject matter jurisdiction over respondents' penalty assessment. We find the decision in *Elgammal,* while not binding on this Court, to be instructive on the issue before the Court today.

HOUSE OF RAEFORD FARMS v. STATE ex rel. ENVIR. MGMT. COMM.

[338 N.C. 262 (1994)]

In *Elgammal*, the plaintiff, a tenured school teacher, was dismissed by the school board and proceeded through the administrative process. The plaintiff first requested a hearing from the school board, however, the school board denied this request. The plaintiff then sought review by the State Teacher Tenure Commission, which upheld the plaintiff's dismissal. Finally, the plaintiff sought review by the circuit court, which reversed the decision of the tenure commission and remanded the case for a hearing before the local school board. In addition, the circuit court directed that the school board's decision be forwarded directly to the circuit court, bypassing an administrative appeal to the tenure commission, so that the circuit court could decide the teacher's additional request for reinstatement and back pay which it had held in abeyance until the school board hearing was held.

After the ordered hearing, the school board again dismissed the plaintiff, and the board's decision was delivered to the circuit court which entered an order upholding the board's dismissal. The plaintiff moved the court for a rehearing and requested that the court set aside its order and permit the plaintiff to exhaust his administrative remedies by obtaining tenure commission review of the board's decision to dismiss him. The circuit court denied plaintiff's motion.

On plaintiff's appeal, the Michigan Court of Appeals held that the circuit court had erred in ordering that the results of the school board's second hearing be forwarded directly to that court, because that order improperly expanded the appellate jurisdiction of the circuit court at the expense of the plaintiff's right to administrative review. The court next considered the school board's argument that plaintiff was not entitled to administrative review because he failed to request tenure commission review within thirty days from the date of the school board's decision as required by statute. In determining the effect of the circuit court's erroneous assertion of jurisdiction, the *Elgammal* court stated:

Here, it has been many more than thirty days since the school board decision of which plaintiff complains. However, in proper circumstances the thirty-day period may be tolled. The statute of limitations on an action at law is held to be tolled where a suit is commenced and jurisdiction over the defendant is obtained. A similar rule is appropriate where, as here, a court order truncates administrative review and brings the dispute into court. Defendant can hardly contend that it was prejudiced by lack of timely

HOUSE OF RAEFORD FARMS v. STATE ex rel. ENVIR. MGMT. COMM.

[338 N.C. 262 (1994)]

notice of the claim which it was called upon to defend. Accordingly, we hold that the court's erroneous assertion of jurisdiction tolled the limitations period for appeal to the tenure commission.

*Elgammal*, 83 Mich. App. at 450-51, 268 N.W.2d at 682-83 (citations omitted).

We also believe that in appropriate circumstances the 60-day time limitation of N.C.G.S. § 150B-23(f) may be tolled. Specifically, such tolling is appropriate where, as here, a court's erroneous assertion of jurisdiction brings a dispute over an administrative agency's ruling into the court which would normally review decisions of that agency, and—in reliance on this assertion of jurisdiction—a party fails to seek administrative review within the statutory time limit.

In reliance on the superior court's assertion of jurisdiction, on 23 June 1989, petitioners filed a verified response to respondents' assessment of penalties in superior court, expressly providing in the response that it was being filed *in lieu* of a petition for a contested case hearing. Clearly, had petitioners filed a petition for a contested case hearing on that same date, that filing would have been well within the 60-day time limitation of N.C.G.S. § 150B-23(f). The 60-day time period for requesting a contested case hearing, which began to run with petitioners' receipt of respondents' penalty assessment on 15 May 1989, would have expired in mid-July. Consequently, petitioners' time period for filing a contested case petition expired while both parties awaited receipt of Judge McLelland's order which was filed on 1 August 1989. Because petitioners failed to seek administrative review within the statutory time limit in reliance on the superior court's erroneous assertion of jurisdiction, we believe that the 60-day time limitation of N.C.G.S. § 150B-23(f) should be tolled in the present case.

Respondents, however, contend that this Court should not afford petitioners the benefit of tolling the time limitation of N.C.G.S. § 150B-23(f) because, unlike the plaintiff in *Elgammal*, petitioners sought and argued in favor of the superior court's assertion of jurisdiction over the penalties. Respondents argue that petitioners' selection of the wrong forum in which to contest the penalties should preclude them from complaining that the time period for filing a contested case petition expired. We disagree.

While petitioners did inform the superior court that they believed it had jurisdiction over the penalties pursuant to the consent judg-

**HOUSE OF RAEFORD FARMS v. STATE ex rel. ENVIR. MGMT. COMM.**

[338 N.C. 262 (1994)]

ment, the final determination of whether the superior court had jurisdiction rested not with petitioners, but with the court itself. At the initial hearing on the penalties in the superior court in May 1989, petitioners asked Judge Stevens to make a timely determination of the proper forum for contesting the penalties and informed him that they were ready to proceed in the superior court, the OAH, or both, depending on his ruling. In July 1989, petitioners specifically requested that Judge McLelland resolve the issue of jurisdiction, because the 60-day time period for filing a petition for contested case hearing in OAH was about to expire. On both occasions, the superior court ruled that it had jurisdiction over the penalty assessment without the parties having to proceed through the administrative process. Accordingly, while petitioners stood ready to file a petition for a contested case hearing, in reliance on the superior court's erroneous assertion of jurisdiction, petitioners failed to seek administrative review of respondents' penalty assessment.

For the foregoing reasons, we hold that the 60-day time limitation of N.C.G.S. § 150B-23(f) was tolled by the superior court's erroneous assertion of subject matter jurisdiction over respondents' penalty assessment and remained tolled until the court's assertion of jurisdiction was vacated by the Court of Appeals' mandate issued on 25 February 1991. Furthermore, we hold that the OAH had subject matter jurisdiction over petitioners' contested case petition filed on 26 March 1991, since this petition was timely filed in the OAH following the issuance of the Court of Appeals' mandate. Consequently, the decision of the Court of Appeals is reversed, and this case is remanded to that court for further remand to the Superior Court, Duplin County, for reinstatement of the 10 June 1992 judgment entered by Judge Frank R. Brown which remanded this matter to the OAH for further proceedings on petitioners' verified petition for a contested case hearing.

REVERSED AND REMANDED.