IN THE MATTER OF: L.C. AND A.N.

No. COA05-363

(Filed 15 November 2005)

**Civil Procedure— Rule 60—not a substitute for appellate review**

The trial court did not abuse its discretion by dismissing a Rule 60 motion to vacate a termination of parental rights after an unsuccessful appeal.

Appeal by respondent from an order entered 18 October 2004 by Judge Avril U. Sisk in Mecklenburg County District Court. Heard in the Court of Appeals 12 October 2005.

**IN RE L.C. & A.N.**

[174 N.C. App. 622 (2005)]

*Alexandra S. Gruber, Appellate Coordinator, for North Carolina Guardian ad Litem petitioner-appellee.*

*Alan B. Edmonds, Associate County Attorney, for Mecklenburg County petitioner-appellee.*

*Ellis M. Bragg for respondent-appellant.*

BRYANT, Judge.

N.N.H.[1] (respondent-mother) appeals from an order entered 18 October 2004 which dismissed a motion to vacate the termination of her parental rights. Respondent's motion was filed pursuant to N.C. R. Civ. P. § 1A-1, Rule 60 and N.C. Gen. Stat. § 7B-1113.

On 1 June 2004, this Court filed *In re L.C.*, 164 N.C. App. 598, 596 S.E.2d 473 (2004) (unpublished) (hereinafter *In re L.C. I*) which affirmed the trial court's termination of respondent's parental rights. Since the filing of *In re L.C. I*, adoption petitions filed on 11 October 2004 are currently stayed pending the outcome of this appeal. L.C. and A.N. have been, and continue to remain, in the custody of DSS since December 2000.

A trial court's determination of a Rule 60(b) motion is reviewable only for abuse of discretion. *Blankenship v. Town & Country Ford, Inc.*, 155 N.C. App. 161, 165, 574 S.E.2d 132, 134 (2002) (citations omitted) *appeal dismissed and review denied*, 357 N.C. 61, 579 S.E.2d 384 (2003). Abuse of discretion is shown only when "the challenged actions are manifestly unsupported by reason." *Id.* The trial court's findings supported by competent evidence are conclusive on appeal. *Id.* Rule 60(b)(6) permits the trial court to set aside a judgment or order "for any reason justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6). Setting aside a judgment pursuant to Rule 60 requires the movant to show: "(i) extraordinary circumstances exist and (ii) there is a showing that justice demands it . . . [and that she] has a meritorious defense." *Royal v. Hartle*, 145 N.C. App. 181, 184-85, 551 S.E.2d 168, 171 (2001) (quoting *State ex rel. Envt'l Mgmt. Comm'n v. House of Raeford Farms, Inc.*, 101 N.C. App. 433, 448, 400 S.E.2d 107, 117 (1991), *reversed on other grounds*, 338 N.C. 262, 449 S.E.2d 453 (1994)). However Rule 60 cannot be used as a substitute for appellate review. *O'Neill v. Southern Nat'l Bank*, 40 N.C. App. 227, 237, 252 S.E.2d 231, 234 (1979); *In re Brown*, 23 N.C. App. 109, 110, 208 S.E.2d 282, 283 (1974).

---

1. Initials are used to protect the identity of the juveniles.

**IN RE L.C. & A.N.**

[174 N.C. App. 622 (2005)]

In the present appeal (*In re L.C. II*), respondent argues she is seeking post-appellate relief of the trial court's dismissal of her Rule 60 motion. On review of respondent's Rule 60 motion, the trial court found and concluded:

2. Rule 60 is not appropriate for this situation. Rule 60 grants relief from trial court judgements [sic], not from appellate court decisions.

3. Case law states a Rule 60 motion is not to be used as a substitute for appellate relief. In this case, [respondent] sought appellate relief [in *In re L.C. I*], but was not successful. She cannot then use a Rule 60 Motion to circumvent the adverse decision by the North Carolina Court of Appeals.

. . .

5. [T]he [c]ourt dismisses [respondent's] motion[.]

Based on the foregoing we affirm the trial court's order dismissing respondent's Rule 60 motion. *See Garrison ex rel. Chavis v. Barnes*, 117 N.C. App. 206, 450 S.E.2d 554 (1994) (trial court's order denying defendant's motion was affirmed where Rule 60 motion used as a substitute for appellate review).

Affirmed.

Judges HUDSON and CALABRIA concur.