WILLIAM PAUL BURNS, EMPLOYEE v. GEORGE RIDDLE, EMPLOYER, NON-
INSURER.

(Filed 24 November, 1965.)

**Master and Servant § 93—**

    Where appellant properly presents for review jurisdictional findings of
the Industrial Commission it is the duty of the Superior Court to review
the evidence and make its independent findings as to the jurisdictional
facts, and when it appears that the Superior Court affirmed the findings
of the Commission upon the assumption that the jurisdictional findings were
binding if supported by competent evidence, the cause must be remanded.

APPEAL by defendant from *Copeland, Special Judge,* March 1, 1965
Session of LEE.

Plaintiff was injured May 7, 1963 when his right arm was cut by
a saw. Asserting he sustained such injury by accident arising out of
and in the course of his employment by defendant, he seeks compen-
sation therefor under the Workmen's Compensation Act. Defendant
denies liability on the ground he is "an individual sawmill and log-
ging operator with less than ten (10) employees, who saws and logs
less than sixty (60) days in any six consecutive months and whose
principal business is unrelated to sawmilling or logging," and is
exempt from said Act under the section thereof codified as G.S.
97-2(1).

Deputy Commissioner Thomas, the hearing Commissioner, made findings of fact, conclusions of law and awarded compensation; and, on appeal by defendant, his findings of fact, conclusions of law and award were adopted and affirmed by the full Commission. In the superior court, after hearing on defendant's appeal from the full Commission, judgment was entered in which "the Court finds as a fact that there is competent evidence in the record to support the findings of fact of Deputy Commissioner Thomas, and that the conclusions of law based thereon are correct and are supported by law," and "ORDERED, ADJUDGED AND DECREED that the appeal of the defendant employer be and same is hereby in all respects overruled and the findings of fact of Deputy Commissioner Thomas and of the Full North Carolina Industrial Commission and the conclusions of law based thereon are hereby ratified, approved and confirmed." Defendant excepted and appealed.

On appeal to this Court, the only assignment of error brought forward relates to whether the Commission had jurisdiction. This assignment of error is based on defendant's exception to that portion of Finding of Fact No. 2 providing, "Defendant sawed and logged more than 60 days during the six months preceding June 7, 1963," and to Conclusion of Law No. 1 providing that "plaintiff and defendant were subject to and bound by the Workmen's Compensation Act, defendant regularly employing more than five employees and being engaged in sawmilling for more than 60 days on the Ammons' job. G.S. 97-2(1)."

*Pittman, Staton & Betts for plaintiff appellee.*
*Hoyle & Hoyle for defendant appellant.*

PER CURIAM. As indicated, defendant's assignment of error is directed solely to the finding of fact, "Defendant sawed and logged more than 60 days during the six months preceding June 7, 1963," and to the conclusion of law predicated thereon. Defendant's brief states: "There is no question raised about the injury coming from the job."

In *Askew v. Tire Co.*, 264 N.C. 168, 174, 141 S.E. 2d 280, in which prior (conflicting) decisions are reviewed, it is stated: "The Commission's findings of jurisdictional facts are not conclusive on appeal to superior court, even if supported by competent evidence." Here, the finding of fact "that there is competent evidence in the record to support the findings of fact of Deputy Commissioner Thomas" indicates clearly that the judge was proceeding under a misapprehension of the applicable law, that is, on the premise that the Commission's

findings of jurisdictional facts were binding upon him if supported by any competent evidence and that he was without authority to make independent findings. Hence, the judgment of the court below is vacated and the cause is remanded to the superior court for further hearing on defendant's exceptions to the Commission's findings of fact and conclusions of law pertinent to its jurisdiction. *McGill v. Lumberton*, 215 N.C. 752, 3 S.E. 2d 324, and cases cited therein, and numerous subsequent decisions in accord therewith.

Upon such further hearing, the court will make its independent findings as to the determinative jurisdictional facts. If it is determined upon such independent findings that the Commission had jurisdiction, the court will affirm the Commission's award in its entirety. If it is determined that the Commission did not have jurisdiction, the court will vacate the Commission's award.

It is noteworthy that, with reference to the disputed jurisdictional fact(s), the evidence is conflicting.

Error and remanded.