ELMORE, Judge.
 

 *505
 
 Plaintiff Barbara Burgess, as administratrix of the estate of her deceased daughter, Stephanique D. Bell, brought this wrongful death action in superior court asserting various negligence claims against defendants Rasheka Renee Smith; Thomas Cheek Marshall; Chicnyln
 
 [1]
 
 Solutions, Inc.; and Anthony Johnson.
 
 [2]
 
 Bell was killed in a single-vehicle car accident while riding as a passenger in a vehicle owned by Marshall that Smith was driving during the course and scope of her employment as a salesperson traveling from Tennessee to North Carolina to sell Chicnlyn Solutions cleaning products door-to-door for Marshall and Johnson. After defendants Smith and Marshall were served with the complaint and summons but failed to answer or appear, the superior court entered a $2,151,218.29 default judgment against them jointly and severally.
 

 Five months later, Marshall filed his first responsive pleading, asserting for the first time that Bell was his employee and had been killed during the course and scope of her employment while traveling as part of a sales team with Smith. Relying on the exclusivity provision of our Workers' Compensation Act,
 
 see
 

 N.C. Gen. Stat. § 97-10.1
 
 , Marshall moved to stay proceedings to enforce the prior judgments, to set aside the entries of default and default judgment, and to dismiss Burgess's claims for want of subject-matter jurisdiction, on the grounds that jurisdiction lies exclusively within the North Carolina Industrial Commission ("NCIC"). After a hearing, the superior court denied Marshall's postjudgment motions and affirmed its default judgment. Rather than issue findings and conclusions determining its jurisdiction, however, the superior court concluded that the doctrines of equitable estoppel and laches barred Marshall from challenging its subject-matter jurisdiction on the basis that Bell was his employee. Marshall appeals, arguing the superior court erred in several respects.
 

 Because subject-matter jurisdiction may be challenged at any time, Marshall was permitted to challenge the superior court's jurisdiction over the subject matter of Burgess's claims against him even for the first time months after the default judgment was entered. Additionally, because subject-matter jurisdiction is a legal matter independent of
 
 *506
 
 parties' conduct, the doctrines of equitable estoppel or laches provided no basis for the superior court to refuse to resolve the jurisdictional challenge. We therefore vacate the superior court's order denying Marshall's postjudgment motions, and remand with instructions for the superior court to hold a hearing in order to issue proper findings and conclusions determining its jurisdiction.
 

 If after the hearing on remand, the superior court determines it had jurisdiction, it may properly deny Marshall's postjudgment motions and its prior judgments against him
 
 *166
 
 may be sustained. If the superior court determines jurisdiction lies exclusively with the NCIC, it must set aside its prior judgments against Marshall as void and dismiss Burgess's claims against Marshall for want of subject-matter jurisdiction. In such an event, Burgess may refile her claim against Marshall in the NCIC. We note that while ordinarily an employer may raise the two-year filing requirement imposed by
 
 N.C. Gen. Stat. § 97-24
 
 as an affirmative defense to an employee's untimely filed workers' compensation claim, based upon the allegations of employer fault causing the delay in this case, if Marshall attempts to raise this defense, Burgess may properly reassert the affirmative defense of equitable estoppel, as she successfully pled in the superior court. If the superior court determines jurisdiction properly lies in the South Carolina Industrial Commission ("SCIC"), Burgess may file her claim in the SCIC, and we encourage that commission to deem as waived any potential filing defense Marshall may raise.
 

 I. Background
 

 According to Burgess's complaint, on 2 June 2013, Bell was riding as a passenger in Marshall's 1999 Ford SUV, which Smith was driving eastbound on I-40 during the course and scope of her employment with Marshall, Johnson, and Chicnlyn Solutions. Around 8:00 a.m., the vehicle hydroplaned, ran off the road, struck a metal guardrail, and rolled over several times in Haywood County. Tragically, Bell was ejected from the vehicle, sustained fatal injuries in the crash, and died at the scene.
 

 On 7 May 2015, Bell's mother, Burgess, in her capacity as administratrix of Bell's estate, filed a wrongful death action in the superior court asserting various negligence claims against Smith, Marshall, Johnson, and Chicnlyn Solutions. Burgess was unable to serve Johnson or Chicnlyn Solutions with the complaint and summons but secured service on Smith and Marshall. After Smith and Marshall failed to answer or appear, the superior court clerk entered default against Marshall and Smith on 30 July 2015 and 14 July 2016, respectively. On 21 July 2016, after Marshall and Smith again failed to appear, the superior court
 
 *507
 
 judge entered a $2,151,218.29 default judgment against them jointly and severally.
 

 About five months later, on 16 December 2016, Marshall filed his first responsive pleadings and an affidavit. In a filing styled "notice of motion and motion to stay, to dismiss, and for relief from judgment/order," Marshall moved to stay proceedings to enforce all prior judgments, N.C. Gen. Stat. § 1A-1, Rule 62(b) (2015) ; to dismiss Burgess's claims for lack of subject-matter jurisdiction,
 

 id.
 

 § 1A-1, Rule 12(h)(3) (2015) ; and to set aside the default and default judgment entered against him,
 

 id.
 

 § 1A-1, Rules 55(d), 60(b)(1), -(3), -(4), -(6) (2015). In a filing styled "motion, answer, and defenses," Marshall relied on the exclusivity provision of our Workers' Compensation Act,
 

 id.
 

 § 97-10.1 (2015), to move to dismiss Burgess's claims against him for lack of subject-matter jurisdiction,
 

 id.
 

 § 1A-1, Rule 12(b)(1), -(b)(6), -(h)(3) (2015).
 

 In the attached affidavit, Marshall averred, for the first time, that Bell was his employee and her death arose out of the course and scope of her employment as a salesperson traveling from Tennessee to North Carolina on a sales team with Smith for the purpose of selling cleaning products door-to-door in Charlotte. According to Marshall's affidavit, "in June 2013 [he] was operating a business utilizing salespersons to sell cleaning products door to door," as well as "[a] sales crew [that] consisted of sales managers, secretaries, and salespersons." Marshall "provide[d] transportation and lodging for the sales crew" and "all product for the salespersons to sell." Marshall further alleged that "[s]alespersons were typically recruited by print advertising," "Bell[ ] responded to a print advertising," he "provided sales training to ... Bell ... in early 2013," and "[o]n the date of the accident, ... Bell was part of a sales crew which worked in Tennessee and was traveling to Charlotte[.] ..." Thus, Marshall argued, Burgess "improperly brought this matter in Superior Court" because the NCIC "is vested with exclusive jurisdiction to determine the rights and benefits between employers and employees for personal injury or death."
 

 *167
 
 In response, on 8 May 2017, Burgess moved for the superior court to deny Marshall's postjudgment motions, in relevant part pleading the affirmative defenses of equitable estoppel and laches. Burgess attached to her motion,
 
 inter alia
 
 , an affidavit from her attorney, James W. Gilchrist, Jr., in which Gilchrist averred that Marshall on 14 August 2013 "informed [him] that 'the kids' were not employees at the time of the accident" but, rather, "were all independent contractors associated with Anthony Johnson and Chicnylynn Solutions[.] ..." Thus, Burgess argued, Marshall's three-and-a-half year delay after the date of the car accident
 
 *508
 
 in claiming that Bell was his employee and thus the proper forum for her action was in the NCIC, should be barred by laches since that delay precluded Burgess "from making a claim with the [NCIC] based on
 
 N.C. Gen. Stat. § 97-58
 
 , which requires that any claim being made with the [NCIC] to be made within two years of the incident giving rise to the claim." Further, Burgess argued, Marshall should be equitably estopped from defensively asserting Bell was his employee to support his motion to dismiss her claims for lack of subject-matter jurisdiction, since Burgess relied upon Marshall's prior contrary statement to her attorney in "fil[ing] suit in Haywood County Superior Court instead of a workers' compensation claim with the [NCIC] or [SCIC]" and permitting Marshall to "rais[e] the defense ... at this time would preclude her Estate from any recovery under the Rules of the [NCIC] ...."
 

 After a hearing, the superior court entered an order on 9 June 2017 denying Marshall's postjudgment motions and affirming its default judgment. In relevant part, the superior court concluded (1) Marshall was equitably estopped from defensively raising the exclusivity provision of our Workers' Compensation Act as a jurisdictional bar to Burgess's claims against him based on his prior contrary extrajudicial statement that Bell was not his employee but an independent contractor, and (2) laches from the delay barred Marshall from now challenging its subject-matter jurisdiction on the basis that Bell was his employee and her death arose during the course and scope of her employment. Marshall appeals.
 

 II. Analysis
 

 On appeal, Marshall argues the superior court erred by not declaring (1) Bell was his employee and her death arose during the course and scope of her employment, and thus (2) it lacked subject-matter jurisdiction over Burgess's claims based upon the exclusivity provision of the Workers' Compensation Act. Marshall also argues the superior court erred by concluding (3) Burgess was entitled to the defense of equitable estoppel because Burgess failed to exercise reasonable care and circumspection in discovering Bell's employment status, and (4) his Rule 12 defenses grounded in his challenge to the superior court's subject-matter jurisdiction were barred by laches because, based on Burgess's own delay in filing her action in superior court days before the expiration of the two-year statute of limitation period applicable to wrongful death claims, no causal link existed between his delayed answer and defenses, and Burgess's loss of her potential workers' compensation claim pursuant to
 
 N.C. Gen. Stat. § 97-24
 
 's two-year filing requirement. Finally, Marshall argues, (5) the superior court erred by denying
 
 *509
 
 his postjudgment motions for relief and to dismiss Burgess's claims because it lacked subject-matter jurisdiction.
 

 However, because we resolve this appeal on the ground that the superior court erred in failing to resolve Marshall's challenge to its subject-matter jurisdiction, we address the merits of Marshall's arguments only to the extent they implicate our analysis of this threshold jurisdictional issue.
 

 A. Review Standard
 

 "Whether a trial court has subject-matter jurisdiction is a question of law, reviewed
 
 de novo
 
 on appeal."
 
 Hillard v. Hillard
 
 ,
 
 223 N.C. App. 20
 
 , 22,
 
 733 S.E.2d 176
 
 , 179 (2012) (quoting
 
 McKoy v. McKoy
 
 ,
 
 202 N.C. App. 509
 
 , 511,
 
 689 S.E.2d 590
 
 , 592 (2010) ).
 

 B. Subject-Matter Jurisdiction
 

 Superior courts "ha[ve] jurisdiction in all actions for personal injuries caused by negligence, except where its jurisdiction is divested by statute."
 

 *168
 

 Morse v. Curtis
 
 ,
 
 276 N.C. 371
 
 , 375,
 
 172 S.E.2d 495
 
 , 498 (1970) (citing N.C. Const. art. IV, § 2 ; other citations omitted). "By statute the Superior Court is divested of original jurisdiction of all actions which come within the provisions of the Work[er]'s Compensation Act."
 

 Id.
 

 (citations omitted);
 
 see also
 

 N.C. Gen. Stat. § 97-10.1
 
 ("If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative shall exclude all other rights and remedies ... as against the employer at common law or otherwise on account of such injury or death.").
 

 Subject-matter "[j]urisdiction rests upon the law and the law alone. It is never dependent upon the conduct of the parties."
 
 In re T.R.P.
 
 ,
 
 360 N.C. 588
 
 , 595,
 
 636 S.E.2d 787
 
 , 793 (2006) (quoting
 
 Feldman v. Feldman
 
 ,
 
 236 N.C. 731
 
 , 734,
 
 73 S.E.2d 865
 
 , 867 (1953) ). Thus, a challenge to subject-matter jurisdiction,
 
 see
 
 N.C. Gen. Stat. § 1A-1, Rule 12(b)(1), -(h)(3), may be raised at any time, even months after entry of a default judgment,
 
 see
 

 In re T.R.P.
 
 ,
 
 360 N.C. at 595
 
 ,
 
 636 S.E.2d at 793
 
 ("[L]itigants ... may challenge 'jurisdiction over the subject matter ... at any stage of the proceedings, even after judgment.' " (quoting
 
 Pulley v. Pulley
 
 ,
 
 255 N.C. 423
 
 , 429,
 
 121 S.E.2d 876
 
 , 880 (1961) );
 
 see also
 

 Miller v. Roberts
 
 ,
 
 212 N.C. 126
 
 , 129,
 
 193 S.E. 286
 
 , 288 (1937) ("There can be no waiver of [subject-matter] jurisdiction, and objection may be made at any time." (citations omitted) ). Additionally, a party by his or her conduct can neither be equitably estopped nor barred by laches from challenging subject-matter
 
 *510
 
 jurisdiction, nor can these equitable doctrines vest jurisdiction.
 
 See
 

 In re T.R.P.
 
 ,
 
 360 N.C. at 595
 
 ,
 
 636 S.E.2d at 793
 
 ("Subject[-]matter jurisdiction 'cannot be conferred upon a court by ... waiver or estoppel[.] ...' " (quoting
 
 In re Sauls
 
 ,
 
 270 N.C. 180
 
 , 187,
 
 154 S.E.2d 327
 
 , 333 (1967) ) ).
 

 Where a party challenges the superior court's subject-matter jurisdiction pursuant to the exclusivity provision of our Workers' Compensation Act, "the proper procedure" for the superior court is to "ma[k]e findings of fact and conclusions of law resolving the issue."
 
 Lemmerman v. A.T. Williams Oil Co.
 
 ,
 
 318 N.C. 577
 
 , 580,
 
 350 S.E.2d 83
 
 , 86 (1986) (citing
 
 Burgess v. Gibbs
 
 ,
 
 262 N.C. 462
 
 , 465,
 
 137 S.E.2d 806
 
 , 808 (1964) );
 
 see also
 

 Morse
 
 ,
 
 276 N.C. at 377
 
 ,
 
 172 S.E.2d at 499
 
 (noting the superior court "follow[ed] the proper
 
 procedure
 
 in determining the [defendant-employer's] pleas in bar [that the plaintiff-employee's superior court action for personal injury was barred by the exclusivity provision of our Workers' Compensation Act] by hearing evidence offered by the parties, finding facts[ and] reaching conclusions of law, ... to determine its jurisdiction").
 

 Where the superior court enters an order omitting findings and conclusions necessary to resolve a legitimate subject-matter jurisdiction challenge, the proper procedure for the reviewing court is to vacate that order and remand with instructions for the superior court to hold a hearing in order to issue proper findings and conclusions resolving the jurisdictional matter.
 
 See
 

 Burns v. Riddle
 
 ,
 
 265 N.C. 705
 
 , 706-07,
 
 144 S.E.2d 847
 
 , 849 (1965) (vacating superior court's order summarily affirming the NCIC's jurisdictional findings and remanding to the superior court with instructions to hold a hearing in order to issue its own "independent findings as to the determinative jurisdictional facts").
 

 Here, after Marshall filed his postjudgment motions to stay proceedings to enforce the judgments entered against him, for relief from those prior judgments, and to dismiss Burgess's claims for want of subject-matter jurisdiction, based upon the exclusivity provision of our Workers' Compensation Act, the superior court held a hearing and entered an order denying the motions and affirming its prior default judgment. In its order, the superior court entered the following factual findings:
 

 1.... [Bell] died in an automobile accident on June 2, 2013, in Haywood County, ... when she was a passenger in a vehicle owned by ... Marshall;
 

 2.... Burgess, the natural mother of ... Bell, filed a wrongful death action as the Administrator of the Estate
 
 *511
 
 of ... Bell in
 
 *169
 
 the Haywood County Superior Court on May 7, 2015;
 

 3.... Marshall was properly served with the Summons and Complaint on May 15, 2015;
 

 4.... [W]hen ... Marshall failed to respond or otherwise move, [Burgess] filed a Motion and Affidavit to Enter Default on July 30, 2015, and default was entered against [Marshall];
 

 5.... [A] Motion for Default Judgment was filed on May 20, 2016 and default was entered against ... [Marshall] on July 18, 2016, with notice of said motion and of the hearing date for said motion being provided to ... Marshall on May 26, 2016;
 

 6.... Marshall failed to file any response to either [Burgess's] Complaint or to her motion for default judgment until he filed an Answer, Motion to Stay, Motion for Dismissal, and Motion for Relief from Judgment on ... December 14, 2016;
 

 7.... [I]t was not until December 14, 2016, that ... Marshall chose to proffer a defense of lack of subject matter jurisdiction, based on his claim that [Bell] ... was his employee[.] ..;
 

 8.... [T]he claim of a defense of lack of subject[-]matter jurisdiction was not made until approximately three-and-a-half years after ... [Bell's] death ... when, in ... Marshall's Motion to Stay, to Dismiss and for Relief from Judgment, he asserted that the [NCIC] had exclusive jurisdiction between employers and employees, and indicated for the first time since the accident that he was ... [Bell's] employer ... [;]
 

 9. Prior to the filing of ... Marshall's Motion to Stay, to Dismiss and for Relief from Judgment, during the course of [Burgess's] investigation into this matter, ... Marshall had consistently alleged, in his conversations with [Bell's] stepfather, Daniel Holmes, and with [Burgess's] Attorney, James W. Gilchrist, Jr., ... that [Bell] was not [his] employee ... at the time of the accident but ... was an independent contractor associated with Defendants Johnson and Chicnylynn Solutions. Further, the Court
 
 *512
 
 finds that ... Marshall gave false and misleading information to [Burgess's] representatives as to this very serious matter[;]
 

 10. Despite [Marshall]'s assertion in his Motion to Stay, to Dismiss and for Relief from Judgment that [Bell] was in an employee-employer relationship on the date of the accident, [Marshall] admitted that he had no Workers' Compensation insurance in place on that date[; and]
 

 11.... [A]ny workers' compensation claim that [Bell] may have had is barred by the two year statute of limitation under
 
 N.C. Gen. Stat. § 97-58
 
 .
 

 Based on these findings, the superior court concluded in relevant part:
 

 2.... Marshall is equitably estopped from asserting that this Court does not have subject[-]matter jurisdiction of this action on the grounds that [Bell] was an employee of his so that the proper forum was the [NCIC];
 

 3.... [T]he affirmative defense of laches applies to completely bar ... Marshall from asserting that [Bell] was his employee and that this court did not have subject matter jurisdiction over this action[.]
 

 As reflected, although Marshall lodged a legitimate challenge to the superior court's jurisdiction over the subject matter of Burgess's claims against him, the superior court failed to follow the proper procedure by issuing findings and conclusions determining its jurisdiction. Because subject-matter jurisdiction may be challenged even months after a default judgment is entered,
 
 In re T.R.P.
 
 ,
 
 360 N.C. at 595
 
 ,
 
 636 S.E.2d at 793
 
 , and because a court has the judicial duty to determine its jurisdiction, the superior court erred in refusing to resolve the matter. Additionally, because "[j]urisdiction rests upon the law ... alone[ and] is never dependent upon the conduct of the parties,"
 

 id.
 

 (quoting
 
 Feldman
 
 ,
 
 236 N.C. at 734
 
 ,
 
 73 S.E.2d at
 
 867 ), the doctrines of equitable estoppel and laches are irrelevant to issues of subject-matter jurisdiction, and the superior court improperly relied thereupon in refusing to resolve Marshall's jurisdictional challenge.
 

 As a secondary matter, we note the superior court's reasoning in applying those equitable doctrines appears to have been made
 
 *170
 
 under a misapprehension of the law-that is, the superior court's determination that "any workers' compensation claim that Decedent may have had is barred by the two year statute of limitation under
 
 *513
 

 N.C. Gen. Stat. § 97
 
 -[24]."
 
 [3]
 
 Section 97-24 's two-year filing requirement is not a statute of limitation but merely a condition precedent to compensation under the Workers' Compensation Act.
 
 See
 

 Gore v. Myrtle/Mueller
 
 ,
 
 362 N.C. 27
 
 , 38,
 
 653 S.E.2d 400
 
 , 408 (2007) ("[W]e underscore that the two[-]year limitation in N.C.G.S. § 97-24 has repeatedly been held to be a condition precedent to the right to compensation and not a statute of limitations." (citation omitted) ). Thus, while ordinarily an employer may defensively assert that an employee's failure to file a claim in the NCIC within two years after the accident procedurally bars that claim, where, as here, employer fault caused the delay, equitable estoppel may apply to waive the employer's defense, rendering section 97-24 's two-year filing requirement no bar to the untimely filed workers' compensation claim.
 

 Id.
 

 ("[A] condition precedent, unlike subject[-]matter jurisdiction, may be waived by the beneficiary party by virtue of its conduct. Therefore, by their actions, defendant[-employers] could waive the two[-]year condition precedent laid out in N.C.G.S. § 97-24." (internal citations omitted) );
 
 see also
 

 id.
 
 at 36,
 
 653 S.E.2d at 406
 
 ("[E]stoppel may be invoked to prevent the employer from asserting the time limitation in N.C.G.S. § 97-24 as an affirmative defense. ... [E]mployer fault, regardless of whether it is intentional, will excuse the untimely filing of a workers' compensation claim." (citations omitted) ).
 

 Because the superior court failed to follow the proper procedure in issuing findings and conclusions resolving whether it or the NCIC had jurisdiction over the subject matter of Burgess's claims against Marshall, we vacate its order denying Marshall's postjudgment motions and remand the case with instructions for the superior court to hold an evidentiary hearing in order to issue proper findings and conclusions determining its jurisdiction,
 
 see
 

 Burns
 
 ,
 
 265 N.C. at 707
 
 ,
 
 144 S.E.2d at 849
 
 , including resolving Bell's employment status,
 
 see
 

 McCown v. Hines
 
 ,
 
 353 N.C. 683
 
 , 686,
 
 549 S.E.2d 175
 
 , 177 (2001) ("[T]he existence of an employer-employee relationship at the time of the injury constitutes a jurisdictional fact." (citing
 
 Youngblood v. North State Ford Truck Sales
 
 ,
 
 321 N.C. 380
 
 , 383,
 
 364 S.E.2d 433
 
 , 437 (1988) ) );
 
 see also
 

 Lemmerman
 
 ,
 
 318 N.C. at 579
 
 ,
 
 350 S.E.2d at 85
 
 ("[T]he question of whether plaintiff ... was defendant's employee as defined by the Act is clearly jurisdictional."), and any
 
 *514
 
 other jurisdictional facts relevant to whether Burgess's superior court claims against Marshall were barred by our Workers' Compensation Act.
 
 See, e.g.
 
 ,
 
 N.C. Gen. Stat. § 97-10.1
 
 ;
 

 id.
 

 § 97-13(b) (2015) (excluding from the Act an employer "that has regularly in service less than three employees in the same business within this State[.] ...");
 
 Young v. Mayland Mica Co.
 
 ,
 
 212 N.C. 243
 
 , 244,
 
 193 S.E. 285
 
 , 285 (1937) ("[T]he number of employees regularly in service in the business of the defendant in this state. ... is a jurisdictional fact which the superior court has the duty and power to find." (citation omitted) );
 
 see also
 

 Bowden v. Young
 
 ,
 
 239 N.C. App. 287
 
 , 290,
 
 768 S.E.2d 622
 
 , 625 (2015) ("[I]ntentional torts generally fall outside the scope of the Workers' Compensation Act." (citing
 
 Woodson v. Rowland
 
 ,
 
 329 N.C. 330
 
 , 340-41,
 
 407 S.E.2d 222
 
 , 228 (1991) ). We further note that the record is unclear whether, if the superior court lacked subject-matter jurisdiction, the proper forum for Burgess's claim against Marshall would be in the NCIC or the SCIC.
 

 After the hearing on remand, if the superior court determines it had jurisdiction, it may properly deny Marshall's postjudgment motions and its default judgment may be sustained. However, if the superior court determines jurisdiction lies with the NCIC or
 
 *171
 
 SCIC, its prior judgments against Marshall must be vacated and Burgess's claims must be dismissed for want of subject-matter jurisdiction. If Burgess is required to file her claim against Marshall in the NCIC, although
 
 N.C. Gen. Stat. § 97-24
 
 's two-year filing period will have expired, if needed, based upon the record before us, Burgess may properly raise the affirmative defense that Marshall's conduct in causing the delay equitably estops him from relying on that filing requirement as a procedural bar. If Burgess is required to file her claim in the SCIC, we encourage that commission also to consider any potential filing-period defense Marshall may raise under S.C. Code. § 42-15-40 (2015) (requiring an employee to file a claim in the SCIC within two years after the accident) similarly waived by Marshall's conduct in this case.
 
 See, e.g.
 
 ,
 
 Lovell v. C. A. Timbes, Inc.
 
 ,
 
 263 S.C. 384
 
 , 388,
 
 210 S.E.2d 610
 
 , 612 (1974) ("Section 72-303[, now recodified at section 42-15-40,] is a statute of limitation and ... compliance with its provisions may be waived by the employer or its insurance carrier or they may become estopped by their conduct from asserting the statute as a defense.").
 

 III. Conclusion
 

 Because Marshall was permitted to challenge the superior court's subject-matter jurisdiction even for the first time months after the default judgment was entered against him, and because a party's conduct is wholly irrelevant to subject-matter jurisdiction, the superior
 
 *515
 
 court erred by refusing to resolve the matter on the basis that Marshall was barred by equitable estoppel and laches from challenging its subject-matter jurisdiction. As the superior court failed to follow the proper procedure in issuing findings and conclusions to determine its jurisdiction, and the record lacks the necessary information to meaningfully consider Marshall's jurisdictional challenge, we vacate the superior court's order denying Marshall's postjudgment motions. We remand the case with instructions for the superior court to hold an evidentiary hearing in order for it to issue proper findings and conclusions relevant to determine its subject-matter jurisdiction.
 

 After the remand hearing, if the superior court determines it had jurisdiction, it may properly deny Marshall's postjudgment motions and its default judgment may be sustained. If the superior court determines elsewise, it must vacate its prior judgments entered against Marshall and dismiss Burgess's claims against him for want of jurisdiction. If Burgess must file her claim against Marshall in the NCIC, under the circumstances of this case, we instruct that commission not to apply section 97-24 two-year filing requirement as a procedural bar to Burgess's claim. If Burgess must refile her claim in the SCIC, we encourage that commission to deem any potential filing defense Marshall may raise as waived.
 

 VACATED AND REMANDED.
 

 Judges TYSON and ZACHARY concur.
 

 [1]
 

 Although the complaint names "Chicnlyn Solutions, Inc." elsewhere in the record the business is named "Chicnlynn" or "Chicnylynn" Solutions. We use "Chicnlyn" throughout this opinion.
 

 [2]
 

 Marshall is the only defendant in this appeal.
 

 [3]
 

 Although Burgess in her motion and the superior court in its order cited to section 97-58, that statute governs the time limit for filing a claim for occupational disease.
 
 See
 

 N.C. Gen. Stat. § 97-58
 
 (2015). Nonetheless, the more applicable statute here governing the time limit for filing a claim alleging a work-related injury by accident imposes the same two-year filing requirement.
 
 See
 

 N.C. Gen. Stat. § 97-24
 
 (2015) ("The right to compensation under this Article shall be forever barred unless (i) a claim ... is filed with the Commission ... within two years after the accident ....").