IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1101

Filed 17 September 2024

Cabarrus County, No. 23CVS1200

CORNELIUS ANTONIO KINLAW, Plaintiff/Petitioner,

v.

N.C. DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF HEALTH SERVICE REGULATION, Defendant/Respondent.

Appeal by petitioner from order entered 19 September 2023 by Judge Joseph N. Crosswhite in Cabarrus County Superior Court. Heard in the Court of Appeals 14 August 2024.

*Duke University School of Law, by Charles R. Holton and Jesse H. McCoy, II, for petitioner-appellant.*

*Attorney General Joshua H. Stein, by Assistant Attorney General Farrah R. Raja, for respondent-appellee.*

FLOOD, Judge.

Cornelius Antonio Kinlaw ("Petitioner") appeals from an order denying his request for judicial review for lack of subject matter jurisdiction. Petitioner first argues the trial court's conclusion that, pursuant to N.C. Gen. Stat. § 131E-256, it lacked subject-matter jurisdiction over Petitioner's appeal, was erroneous and in violation of Petitioner's procedural due process rights under the North Carolina Constitution and the United States Constitution. Petitioner further contends, in the

alternative, the North Carolina Department of Health and Human Services ("DHHS") should be estopped from relying on the thirty-day statute of limitations to dismiss Petitioner's claim for lack of subject matter jurisdiction, or the statute of limitations should have been tolled. After careful review, we conclude: Petitioner had adequate notice, and his due process rights were not violated; Petitioner failed to comply with the required statutory provisions, which failed to confer subject matter jurisdiction on the trial court; and this case does not rise to the circumstances for which a statute of limitations may be tolled.

## I. **Factual and Procedural Background**

Petitioner was working as a member of the health care field at the Atrium Health Behavioral Health clinic in Charlotte, North Carolina, when DHHS began investigating allegations against Petitioner of patient abuse and neglect when Petitioner "aggressively handled the [patient] and pushed the [patient] to the floor[.]" DHHS mailed a notice letter to Petitioner via certified mail on 4 October 2022, which contained notice of the investigation, and stated that Petitioner's name was being placed on the North Carolina Health Care Personnel Registry for charges of patient abuse and neglect. The letter also contained further instructions on Petitioner's right to appeal.

On 6 October 2022, Petitioner received a notification from the United States Postal Service informing him that he was to receive a letter from DHHS that day, but Petitioner stated the letter did not arrive. Two days later, on 8 October 2022,

Petitioner went to the post office to inquire about the letter and was informed that the letter was still in transit. On 10 October 2022, after another two days of not receiving the letter, Petitioner returned to the post office, where he was again told the letter was in transit. On that same day, Petitioner spoke with Paula Evans, DHHS's investigator for Petitioner's case, and Ms. Evans instructed him to wait for the letter. Ms. Evans further informed Petitioner that once Petitioner received the letter, he would have thirty days to appeal.

Over a week later, on 19 October 2022, Petitioner still had not received the letter and requested Ms. Evans to email him the letter. Ms. Evans emailed the letter to Petitioner the following day.

Once Petitioner received the letter, the instructions to appeal informed him to call the Office of Administrative Hearings ("OAH") for more information and provided him the number to do so. Petitioner called OAH eight times between 25 October and 28 October 2022 before receiving the necessary information to appeal to the OAH. On 6 November 2022, Petitioner emailed his appeal to the OAH as directed, and it was filed on 7 November 2022.

Upon appeal to the OAH, on 22 March 2023, Administrative Law Judge Selina Malherbe dismissed Petitioner's appeal for lack of subject matter jurisdiction. In doing so, Judge Malherbe found that Petitioner had failed to timely file his appeal, reasoning that, per N.C. Gen. Stat. § 131E-256, an appellant must file his appeal within thirty days following the mailing of DHHS' written notice; Petitioner filed his

on 7 November 2022, more than thirty days following DHHS's 4 October 2022 mailing of the letter. Petitioner appealed to the trial court on 13 April 2023, and was again denied for lack of subject matter jurisdiction. Petitioner timely appealed to this Court on 26 September 2023.

## II. <u>Jurisdiction</u>

This Court has jurisdiction to review Petitioner's appeal as an appeal from the final judgment of a superior court, pursuant to N.C. Gen. Stat. § 7A-27(b) (2023).

## III. <u>Analysis</u>

On appeal, Petitioner argues (A) the trial court's conclusion that, pursuant to N.C. Gen. Stat. § 131E-256, it lacked subject matter jurisdiction over Petitioner's appeal, was erroneous, and in violation of Petitioner's procedural due process rights under the North Carolina Constitution and the United States Constitution. Petitioner also contends that, in the alternative, either (B) DHHS should be estopped from relying on the thirty-day statute of limitations to dismiss Petitioner's claim for lack of subject matter jurisdiction, or (C) the statute of limitations should have been tolled. We address each argument, in turn.

### A. Procedural Due Process

This Court reviews de novo an agency's final decision for issues of contested constitutional violations. N.C. Gen. Stat. §§ 150B-51(b)(1)–(4), (c) (2023). Under a de novo review, "the reviewing court considers the matter anew and freely substitutes its own judgment for the agency's." *Meza v. Div. of Soc. Servs.*, 364 N.C. 61, 69, 692

- 4 -

S.E.2d 96, 102 (2010) (citation and internal quotation marks omitted) (cleaned up).

Pursuant to the United States Constitution, "[n]o State shall make or enforce any law which shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const., amend. XIV, § 1. The North Carolina Constitution similarly provides that "[n]o person shall be . . . in any manner deprived of his life, liberty, or property, but by the law of the land." N.C. Const. art. I, § 19. Our Supreme Court has held that "[t]he term 'law of the land' as used in Article I, Section 19, of the Constitution of North Carolina, is synonymous with 'due process of law' as used in the Fourteenth Amendment to the Federal Constitution." *Rhyne v. K–Mart Corp.*, 358 N.C. 160, 180, 594 S.E.2d 1, 15 (2004) (citation and internal quotation marks omitted).

"The Due Process Clause provides two types of protection—substantive and procedural due process." *State v. Williams*, 235 N.C. App. 201, 205, 761 S.E.2d 662, 665 (2014) (citation omitted). "Procedural due process restricts governmental actions and decisions which 'deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.'" *Peace v. Emp. Sec. Comm'n of N.C.*, 349 N.C. 315, 321, 507 S.E.2d 272, 277 (1998) (quoting *Mathews v. Eldridge,* 424 U.S. 319, 332, 96 S. Ct. 893, 901, 47 L. Ed.2d 18, 31 (1976)). "The fundamental premise of procedural due process protection is notice and the opportunity to be heard." *Id.* at 322, 507 S.E.2d at 278 (citation omitted).

To examine a procedural due process claim, this Court must first "determine

whether there exists a liberty or property interest which has been interfered with by the State[,]. . .[and] second, we must determine whether the procedures attendant upon that deprivation were constitutionally sufficient." *Delhaize Am., Inc. v. Lay*, 222 N.C. App. 336, 343, 731 S.E.2d 486, 491 (2012) (citation and internal quotation marks omitted).

### 1. Liberty Interest

First, Petitioner contends he has a liberty interest with which the State has interfered. We agree.

"One of the liberty interests encompassed in the Due Process Clause of the Fourteenth Amendment is the right 'to engage in any of the common occupations of life[.]'" *Presnell v. Pell*, 298 N.C. 715, 724, 260 S.E.2d 611, 617 (1979) (quoting *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S. Ct. 625, 626, 67 L. Ed. 1042 (1923)). Our North Carolina Supreme Court has previously held that "[t]he right of a citizen to live and work where he will is offended when a state agency unfairly imposes some stigma or disability that will itself foreclose the freedom to take advantage of employment opportunities." *Id.* at 724, 260 S.E.2d at 617. Thus, "where a state agency publicly and falsely accuses a discharged employee of dishonesty, immorality, or job[-]related misconduct, considerations of due process demand that the employee be afforded a hearing in order to have an opportunity to refute the accusation and remove the stigma upon his reputation." *Id.* at 724, 260 S.E.2d at 617 (citations omitted).

Under N.C. Gen. Stat. § 131E-256, DHHS maintains a registry of all health care personnel who DHHS has found to have, *inter alia*, committed abuse or neglect within a health care facility. *See* N.C. Gen. Stat. § 131E-256(a) (2023). A member of the health care personnel who wishes to contest such findings before being placed on the registry must file a petition "within [thirty] days of the mailing of the written notice of [DHHS]'s intent to place its findings about the person in the [registry]." N.C. Gen. Stat. § 131E-256(d) (2023).

In *Presnell*, the plaintiff was dismissed from her job as the manager of an elementary school cafeteria after being accused of bringing liquor into work. 298 N.C. at 717–18, 260 S.E.2d at 613. The plaintiff sued for defamation and wrongful discharge. *Id.* at 718, 260 S.E.2d at 613. The trial court dismissed the plaintiff's defamation claim, finding the claim failed to state a claim for defamation, but the Court of Appeals reversed, holding a claim for defamation had been sufficiently made. *Id.* at 718–19, 260 S.E.2d at 613. This matter eventually came before our Supreme Court, whereupon the Court concluded that "[b]y alleging acts of defamation concurrent with and related to the termination of her employment, [the] plaintiff's complaint does no more than state a claim of right to an [o]pportunity to be heard in a meaningful time, place, and manner[,]" thus, invoking a due process claim. *Id.* at 724, 260 S.E.2d at 617. The Supreme Court proceeded to analyze the procedural due process claim and held that the plaintiff had a "colorable claim" of a constitutionally protected liberty interest. *Id.* at 724, 260 S.E.2d at 617. The Supreme Court reasoned

that because the plaintiff's dismissal from her job was based on "alleged unsupported charges," this "might wrongfully injure her future placement possibilities" if left unrefuted. *Id.* at 724, 260 S.E.2d at 617. The Court concluded the plaintiff's due process rights would be satisfied "by providing [the] plaintiff an opportunity to clear her name in a hearing of record [e]ither before her discharge [o]r within a reasonable time thereafter." *Id.* at 724, 260 S.E.2d at 617.

Here, like in *Presnell*, Petitioner has been accused of wrongful actions that will likely hinder his future employment in the health care industry, since the registry is available for all health care facilities to review. *See* N.C. Gen. Stat. § 131E-256(d2) (2023) ("Before hiring health care personnel into a health care facility or service, every employer at a health care facility shall access the Health Care Personnel Registry and shall note each incident of access in the appropriate business files."). Thus, Petitioner has a liberty interest at stake that, if left unrefuted, "might wrongfully injure [Petitioner's] future placement possibilities." *See Presnell*, 298 N.C. at 724, 260 S.E.2d at 617.

Because Petitioner has a liberty interest that has been interfered with, we now assess whether DHHS's procedures for appealing placement on the registry were constitutionally sufficient. *See Delhaize Am.*, 222 N.C. App. at 343, 731 S.E.2d at 491.

## 2. Procedures

Second, Petitioner contends that the trial court's enforcement of the thirty-day

statute of limitations against his appeal was in violation of his procedural due process rights. We disagree.

Our courts have long held that the North Carolina Constitution's Due Process Clause "has the same meaning as due process of law under the Federal Constitution." *State v. Garrett*, 280 N.C. App. 220, 235, 867 S.E.2d 216, 226 (2021). Procedural due process "requires that an individual receive adequate notice and a meaningful opportunity to be heard before he is deprived of life, liberty, or property." *Herron v. N.C. Bd. of Exam'rs for Eng'rs & Surveyors*, 248 N.C. App. 158, 166, 790 S.E.2d 321, 327 (2016) (citation and internal quotation marks omitted).

Due process does not require "actual notice before the government may" impose on one's liberty interest, but "[r]ather, due process requires the government to provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *St. Regis of Onslow Cnty. v. Johnson*, 191 N.C. App. 516, 519–20, 663 S.E.2d 908, 911 (2008) (citation and internal quotation marks omitted). Deprivation of a protected interest must be "implemented in a fair manner." *Garrett*, 280 N.C. App. at 236, 867 S.E.2d at 226. "Whether a party has adequate notice is a question of law." *Trivette v. Trivette,* 162 N.C. App. 55, 58, 590 S.E.2d 298, 302 (2004) (citation omitted).

When filing an action against being placed on the registry, a member of the health care profession must file a petition "within [thirty] days of the mailing of the

written notice of the Department's intent to place its findings about the person in the [registry]." N.C. Gen. Stat. § 131E-256(d). Because N.C. Gen. Stat. § 131E-256(d) does not explicitly state when notice commences, we look to the general statute of N.C. Gen. Stat. § 150B-23(f) regarding administrative cases, which provides,

> [t]he *time limitation* [for filing a petition for a contested case hearing in the OAH], whether established by another statute, federal statute, or federal regulation, or this section, *commences when notice is given* of the agency decision to all persons aggrieved that are known to the agency by personal delivery, electronic delivery, or *by the placing of the notice in an official depository of the United States Postal Service* wrapped in a wrapper addressed to the person at the latest address given by the person to the agency.

N.C. Gen. Stat. § 150B-23(f) (2023) (emphasis added).

This Court has held that, under this statute, "a petitioner is *deemed* to have notice of a final agency decision as soon as the agency places the decision in the mail, even if it takes several days for the petitioner to receive it." *Krishnan v. N.C. Dep't of Health & Hum. Servs.*, 274 N.C. App. 170, 173, 851 S.E.2d 431, 433 (2020) (citing N.C. Gen. Stat. § 150B-23(f)). Thus, here, Petitioner was deemed by law to have had notice from the date the notice was mailed on 4 October 2024. *See Krishnan,* 274 N.C. App. at 173, 851 S.E.2d at 433; *see also* N.C. Gen. Stat. § 150B-23(f). Further, this Court has never held, upon our review of N.C. Gen. Stat. § 131E-256(d), that thirty days was an inadequate amount of time to appeal, and we decline to do so now.

"The power of the Legislature of each state to enact statutes of limitation and rules of prescription is well recognized and unquestioned." *Sayer v. Henderson*, 225 N.C. 642, 643, 35 S.E.2d 875, 876 (1945). North Carolina courts have "traditionally acknowledged the rule of statutory construction that where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must adhere to its plain and definite meaning." *Gummels v. N.C. Dep't of Hum. Res.*, 98 N.C. App. 675, 677, 392 S.E.2d 113, 114 (1990) (citation omitted). "Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced." *U.S. v. Locke*, 471 U.S. 84, 101, 105 S. Ct. 1785, 1796, 85 L. Ed. 2d 64 (1985).

Petitioner cites *Flippin v. Jarrell* in support of his argument that a thirty-day limit is constitutionally inadequate as applied to himself. 301 N.C. 108, 270 S.E.2d 482 (1980). In *Flippin*, the plaintiff brought suit after a recently enacted statute shortened the statute of limitations for bringing medical malpractice claims, leaving the plaintiff with a thirty-nine-day grace period to bring suit, as opposed to the previously longer period the plaintiff had to bring such a claim. *Id.* at 114, 270 S.E.2d at 486–87. This matter eventually came before our Supreme Court, whereupon they held that a grace period of thirty-nine days was "constitutionally insufficient and unreasonable" as applied to the plaintiff. *Id.* at 115, 270 S.E.2d at 487.

Petitioner's reliance on *Flippin*, however, is misplaced. In *Flippin*, the plaintiff's time limitation was shortened by a newly enacted statute, and our Supreme Court considered on appeal whether the plaintiff had an adequate grace period to file her appeal. *Id.* at 115, 270 S.E.2d at 487. Here, on appeal, there is no issue regarding the shortening of an appellate statute of limitations, nor regarding a grace period for Petitioner to file appeal. As such, our Supreme Court's holding in *Flippin* is immaterial to the instant case.

Petitioner's current argument fails because, regardless of when he eventually received actual notice, he was deemed by law to have received notice on 4 October 2022. *See Krishnan,* 274 N.C. App. at 173, 851 S.E.2d at 433. We decline to hold that thirty days is an inadequate amount of time for notice as provided by the General Assembly, and accordingly conclude Petitioner's due process rights were not violated. *See Sayer*, 225 N.C. at 643, 35 S.E.2d at 876.

**B. Subject Matter Jurisdiction and Estoppel**

Petitioner argues, in the alternative, DHHS should be estopped from relying on the thirty-day statute of limitations to dismiss for lack of subject matter jurisdiction because DHHS erroneously informed Petitioner of an incorrect filing deadline. We disagree.

"Whether a trial court has subject-matter jurisdiction is a question of law, reviewed *de novo* on appeal." *Hillard v. Hillard*, 223 N.C. App. 20, 22, 733 S.E.2d 176, 179 (2012) (citation and internal quotation marks omitted).

This Court has held that "because the right to appeal to an administrative agency is granted by statute, compliance with statutory provisions is necessary to sustain the appeal." *Gummels v. N.C. Dep't of Hum. Res.*, 98 N.C. App. 675, 677, 392 S.E.2d 113, 114 (1990).

As stated above, when a member of the health care profession wishes to appeal his or her placement on the health care violations' registry by DHHS, the member must file a petition "within 30 days of the mailing of the written notice of the Department's intent to place its findings about the person in the [registry]." N.C. Gen. Stat. § 131E-256(d). If the appeal is not filed within the statutorily set thirty days, the right to appeal is lost. *See Gummels*, 98 N.C. App. at 677, 392 S.E.2d at 114.

Our courts have held that "[s]ubject-matter jurisdiction rests upon the law and the law alone. It is never dependent upon the conduct of the parties." *Burgess v. Smith*, 260 N.C. App. 504, 509, 818 S.E.2d 164, 168 (2018) (citation and internal quotation marks omitted) (cleaned up). "[T]he doctrine[] of equitable estoppel . . . [is] irrelevant to issues of subject-matter jurisdiction[.]" *Id.* at 512, 818 S.E.2d at 169.

It is undisputed that Petitioner filed his appeal after thirty days. Petitioner was deemed by law to have notice on 4 October 2022 and should have filed within thirty days as required by N.C. Gen. Stat. § 131E-256(d). Petitioner's argument that DHHS should be equitably estopped is irrelevant as to whether subject matter jurisdiction was conferred on the trial court. *See Burgess*, 260 N.C. App. at 512, 818

S.E.2d at 169. As such, because Petitioner failed to comply with the statutory provisions, the trial court correctly found that it lacked subject matter jurisdiction. *See Gummels*, 98 N.C. App. at 677, 392 S.E.2d at 114.

## C. Subject Matter Jurisdiction and Tolling

Finally, Petitioner contends that the statute of limitations should have been tolled because Petitioner relied on an erroneous statement of the law by Ms. Evans. We disagree.

"The standard of review for an appellate court upon an appeal from an order of the superior court affirming or reversing an administrative agency decision is the same standard of review as that employed by the superior court." *Dorsey v. Univ. of N.C. at Wilmington*, 122 N.C. App. 58, 62–63, 468 S.E.2d 557, 560 (1996) (citation omitted). N.C. Gen. Stat. § 150B-51(b) sets forth this standard of review, and states that:

> (b) The court reviewing a final decision [of an administrative agency] may affirm the decision or remand the case for further proceedings. It may also reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional provisions;
>
> (2) In excess of the statutory authority or jurisdiction of the agency or administrative law judge;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under [N.C. Gen. Stat.] 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary, capricious, or an abuse of discretion.

N.C. Gen. Stat. § 150B-51(b) (2023). "An appellate court's standard of review of an agency's final decision . . . has been, and remains, whole record on the findings of fact and *de novo* on the conclusions of law." *Fonvielle v. N.C. Coastal Res. Comm'n*, 288 N.C. App. 284, 287, 887 S.E.2d 93, 96 (2023) (citation omitted). "Where there is no dispute over the relevant facts, a lower court's interpretation of a statute of limitations is a conclusion of law that is reviewed *de novo* on appeal." *Goetz v. N.C. Dep't of Health & Hum. Servs.*, 203 N.C. App. 421, 425, 692 S.E.2d 395, 398 (2010) (citation omitted).

"Statutes of limitations . . . are subject to equitable tolling . . . when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *CTS Corp. v. Waldburger*, 573 U.S. 1, 9, 134 S. Ct. 2175, 2183, 189 L. Ed. 2d 62 (2014) (citation omitted) (cleaned up).

In support of his argument, Petitioner cites *House of Raeford Farms, Inc. v. State ex rel. Env't Mgmt. Comm'n*, where our Supreme Court held that a statute of limitations should have been tolled where the trial court erroneously asserted subject matter jurisdiction over an administrative agency's decision before the appealing filing deadline passed, and the petitioners failed to comply with the statutory appealing provisions based on the trial court's assertion. 338 N.C. 262, 267, 449

S.E.2d 453, 457 (1994). The Court determined that the statute of limitations should be tolled where a petitioner relies on a trial court's assertion of having subject matter jurisdiction and, because of that assertion, fails "to comply with the statutory time requirements for seeking administrative review[.]" *Id.* at 267, 449 S.E.2d at 457.

The circumstances of the present case do not rise to the exceptional circumstances under *House of Raeford Farms*. Unlike the petitioners in *House of Raeford Farms*, Petitioner in this case did not rely on a trial court's assertion of subject matter jurisdiction, which caused him to fail to comply with the statutory provisions to appeal. *See id.* at 267, 449 S.E.2d at 457. Instead, Petitioner simply failed to comply with the thirty-day deadline of which he was deemed by law to have notice of. *See Krishnan,* 274 N.C. App. at 173, 851 S.E.2d at 433.

Because Petitioner's untimely filing was not shown to be caused by an "extraordinary circumstance," we hold that the trial court correctly declined to toll the statute of limitations. *See CTS Corp.*, 573 U.S. at 9, 134 S. Ct. at 2183, 189 L. Ed. 2d at 62.

## IV. <u>Conclusion</u>

We conclude Petitioner's due process rights were not violated, as Petitioner was deemed by law to have notice for thirty days, and we decline to hold that thirty days is an inadequate amount of time for notice. Petitioner's equitable estoppel argument has no bearing on the issue of subject matter jurisdiction. Petitioner failed to comply with the statutory provisions to appeal and, thus, the trial court lacked

subject matter jurisdiction. Further, this case does not rise to the circumstances for which a statute of limitations may be tolled. Accordingly, we affirm the lower court's decision to dismiss Petitioner's request for lack of subject matter jurisdiction.

AFFIRMED.

Judges MURPHY and COLLINS concur.